Ray **BAMBURG**, Appellant,

v.

Sally H. **RAGAN** et vir., Appellees.

No. 5497.

Court of Civil Appeals of Texas, Waco.

Dec. 31, 1975.

**460**

Jimmy Morris, Corsicana, for appellant.

Dawson, Dawson, Smith & Sodd, Leighton B. Dawson, Corsicana, for appellees.

## OPINION

JAMES, Justice.

This is a suit for title and possession of a 1970 Chevrolet Impala automobile and for actual and exemplary damages arising from the alleged wrongful taking and detention of said automobile. After jury trial, and pursuant to the jury verdict, the trial court awarded judgment in favor of Plaintiff-Appellees Sally H. Ragan, et vir., Ricky Ragan against Defendant-Appellant Ray Bamburg for title and possession of the automobile, and for $650.00 actual and $1250.00 exemplary damages, from which judgment Defendant-Appellant Bamburg appeals. We affirm.

The jury findings in answer to special issues are as follows:

(1) That on or about June 1, 1974, the Plaintiffs Ragan were the owners of the automobile in question;

(2) The jury failed to find that on or about the last-named date Plaintiffs abandoned said automobile;

(3) That on or about June 1, 1974, the Defendant Bamburg took the automobile without the consent of Plaintiffs Ragan; and

(4) Thereafter, Defendant Bamburg wrongfully withheld possession of said automobile from Plaintiffs Ragan;

(5) That the cash value of the automobile in Navarro County, Texas, was $850.00 at the time Defendant Bamburg took possession of it;

(6) The automobile was damaged by Defendant Bamburg during the time it was in his possession;

(7) That the cash value of the car in Navarro County was decreased by the damage it received during the time it was in the possession of the Defendant Bamburg in the amount of $650.00;

(8) That Plaintiffs Ragan are entitled to recover exemplary damages from the Defendant Bamburg, as the term "exemplary damages" was therein defined by the trial court,

(9) In the amount of $1250.00.

In accordance with the jury verdict, the trial court awarded Plaintiffs Ragan judgment against the Defendant Bamburg for title and possession of the automobile plus $1900.00 damages.

Appellant's first point asserts error of the trial court in submitting special issue Number 7, which asked the jury how much the cash value of the automobile "was decreased by the damage it received during the time that it was in the possession of the Defendant Ray Bamburg." Appellant contends that the proper method of submission of the damage issue would have been to ask the jury to find the values immediately before the taking and immediately after the return of the automobile. Appellant further asserts that the issue permits the jury to speculate on improper matters in arriving at such "decrease in value." We overrule this point.

We agree with Appellant that it would have been proper for the trial court to have submitted issues to the jury concerning the cash value of the car immediately before the taking and immediately after the car left Defendant's possession; however, we believe that by the trial court's submission of Special Issues Numbers 5, 6, and 7, the court in effect accomplished this result. As stated, by the answer to No. 5 the jury found the cash value of the car to be $850.00 at the time the Defendant took possession of it; by No. 6 the jury found that the car was damaged by Defendant during the time it was in his possession; and by No. 7 the jury found that the cash value of the car "was decreased in the amount of $650.00 *by the damage it received during the time it was in the possession of the Defendant Ray Bamburg.*" (emphasis supplied). These issues as submitted do not permit the jury to improperly speculate, because their consideration is limited in No. 7 to the decrease in value occasioned by the damage it received while in Defendant's possession. In effect, the jury found the car to have had a cash value of $850.00 immediately before the taking, and a cash value of $200.00 at the time it left Defendant's possession. This being so, we find no error in the trial court's submission of Issues Numbers 5, 6, and 7 and accordingly we overrule Appellant's first point.

By points 2 and 3 Appellant contends there is no evidence, and insufficient evidence to support the jury's findings regarding exemplary damages. We overrule these points. As heretofore stated, the jury found that Plaintiffs were entitled to recover exemplary damages from Defendant in the amount of $1250.00.

Plaintiff-Appellees the Ragans rented a house on West Seventh Avenue in Corsicana, Texas, on May 1, 1974. The house was owned by Tom Murphy, Sr., but the rental of it was handled by Tom Murphy, Jr., who worked for his father and lived next door to the property. About the middle of May the Ragans were notified by Tom Murphy, Jr., that they would have to move, because the house had been sold; whereupon the Ragans secured another place to live and moved out of the house on Friday, May 31, 1974. At the time they moved out Ricky Ragan asked Tom Murphy, Jr., if it would be all right for them to leave their stove and car there over the weekend and he told them it would be agreeable for them to do so.

Ricky Ragan testified that on Monday, June 3, 1974, (which was the Monday following the Ragans' moving out of the house the preceding Friday May 31, 1974), that he and his wife went back to get their car (the 1970 Chevrolet in question) and stove. The stove was still there but the car was gone. Tom Murphy, Jr., was not around, because he was on a trip out of the state, to Colorado.

Defendant Ray Bamburg testified that on Saturday, June 1, 1974, he had a conversation with Tom Murphy, Sr., on West Seventh Street in Corsicana relative to the 1970 Chevrolet in question. In this connection Bamburg testified: "Well, I had hauled an old backhoe over there for him, and he asked me____'How much do I owe you?' I told him, 'Oh, $25.00 will be all right.' And he had this old Chevrolet setting out in front of the house, and at this particular time they had been pushing trees and everything in there, you know, cleaning the

lot off. And I just saw the old car setting there, and I said, 'What will you take for the old car?' He told me, 'Well, take the car for the $25.00 on hauling the backhoe over there.' So I took the car out to my place of business."

Tom Murphy, Sr., disputed Ricky Ragan's testimony by testifying that the car had sat there by the house (where the Ragans had left it) about three weeks before Bamburg moved the car to his place of business.

Ricky Ragan testified that on Monday, June 3, 1974, he started looking for his car, and found out that Bamburg had taken it. Bamburg operated a salvage business in Corsicana, Texas. Ragan went to Bamburg's place of business and asked him about his car. Bamburg told him that Tom Murphy, Sr., gave him the car. Ragan asked him, "Did you get any papers or title or anything with the car?", to which Bamburg said, "No." Bamburg told Ragan the car was his (Bamburg's). Ragan then contacted Tom Murphy, Sr., who told him that he did not give Bamburg the car, and that he would straighten the matter out. Ragan then contacted Bamburg who told him he could have the car back. When he went to get the car, he found that it had been damaged considerably.

■ The testimony was conflicting concerning the amount of damage which was done to the car while it was in Bamburg's possession. Without detailing the damage testified to by Ragan and Bamburg, suffice it to say that there is ample evidence to support the jury's finding of $650.00 "decrease in value" of the car occasioned by the damage done to it while in Defendant's possession. Bamburg used a winch truck with "A-frames" on it to haul the car to his place of business. He tied on to the two "hangers that hold the back bumpers on", and lifted the car completely off the ground, and hauled it in this manner to his place of business. Bamburg admitted that he damaged the car some in hauling it. Apparently the car was permitted to swing freely from the A-frame while in route to Defendant's place of business. The car remained at Bamburg's salvage yard until sometime in February 1975, at which time the First National Bank of Corsicana, Texas, (who had a lien against the car) took possession of it.

The evidence offered by the Ragans as to the value of the car at the time Bamburg took possession of it ranged from $1300.00 down to $850.00. Evidence from witnesses offered by both sides concerning the value of the car after Bamburg got possession of it ranged from $200.00 down to "salvage value of $5.00 to $10.00 to $20.00."

■ The trial court charged the jury that "Exemplary damages" are in the nature of a penalty assessed against a Defendant "by reason of the wilful, wanton or malicious commission of an act or acts which caused the actual damages, if any."

We believe the evidence is legally and factually sufficient to support the jury's findings of Plaintiffs' entitlement to exemplary damages and the amount of $1250.00 assessed therefor.

Appellant has asserted other points and contentions. We have carefully considered all of same and have determined that none show reversible error.

Judgment of the trial court is accordingly affirmed.

Affirmed.